```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

ANDRE WALLER,

               Petitioner,

vs.                              Case No.  2:05-cv-27-FtM-29DNF
                                         Case No.  2:02-cr-72-FtM-29DNF

UNITED STATES OF AMERICA,

               Respondent.
_____/

**OPINION AND ORDER**

This matter comes before the Court on petitioner Andre Waller's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #265)[1] and an Affidavit (Cv. Doc. #2), both filed on January 24, 2005. The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 on March 18, 2005. (Cv. Doc. #8).

**I.**

On November 13, 2002, a federal grand jury in Fort Myers, Florida returned a fourteen-count Superceding Indictment (Cr. Doc. #37) charging the petitioner Andre Waller (petitioner or Waller)

---

[1] The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. To avoid confusion, the Court will refer to the docket of Waller v. United States, No. 2-05-cv-27-FtM-29DNF, as "Cv. Doc.", and will refer to United States v. Waller, No. 2:02-cr-72-FtM-29DNF, as "Cr. Doc."

with various drug offenses.  Waller entered into a written Plea Agreement (Cr. Doc. #163) in which he agreed to plead guilty to Counts Twelve and Fourteen of the Superceding Indictment.  Count Twelve charged that Waller possessed with intent to distribute an unspecified amount of cocaine base, crack cocaine, on December 12, 2001; Count Fourteen charged that Waller possessed with intent to distribute an unspecified amount of cocaine base, crack cocaine, on March 15, 2002.  A magistrate judge conducted Waller's guilty plea colloquy on March 27, 2003, and the district court accepted the guilty plea.  (Cr. Docs. #169, #170, #185).  On July 7, 2003, after granting the government's motion for a downward departure based upon petitioner's substantial assistance, the Court sentenced Waller to concurrent 110 month terms of imprisonment, to be followed by thirty-six months supervised release.  (Cr. Doc. #206). Judgment (Cr. Doc. #210) was filed on July 9, 2005.

Waller through counsel filed a Notice of Appeal (Cr. Doc. #212) on July 16, 2003.  On February 19, 2004, the Eleventh Circuit Court of Appeals dismissed the appeal on the government's motion due to a valid appeal waiver provision contained in Waller's Plea Agreement.  (Cr. Doc. #255).

Waller filed this timely § 2255 motion on January 24, 2005. Read liberally, Waller's § 2255 Petition sets forth the following claims: (1) ineffective assistance of counsel for failing to object to the use of a non-qualifying prior conviction for a career offender enhancement and to raise the issue on appeal; (2)

-2-

ineffective assistance of counsel for failing to object to the sentencing court's consideration of a quantity of cocaine base which was not involved in either count of conviction; (3) ineffective assistance of counsel because his attorney promised to appeal but did not; (4) violation of Fifth Amendment due process rights for failing to give notice of the charges he faced; (5) violation of the Sixth Amendment; and (6) lack of jurisdiction by the trial court.[2]

## II.

It is well established that sentence-appeal waivers are valid if made knowingly and voluntarily. Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005)(citing United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993)), cert. denied, 513 U.S. 1051 (1994). Here, petitioner's Plea Agreement contained the following provision:

> The defendant understands and acknowledges that the defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole. Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge, a sentence above the statutory maximum, a sentence in violation the law apart

---

[2]The last three issues were mentioned in passing at page one of the type-written Motion (Cv. Doc. #1), and not further addressed in petitioner's Memorandum.

>  from the sentencing guidelines provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(Cr. Doc. #163, p. 12, ¶ 5). The magistrate judge who took the guilty plea highlighted this waiver provision as part of petitioner's plea colloquy, specifically questioned Waller concerning the specifics of the sentence-appeal waiver, and determined that he knew about the waiver provision and had entered into the waiver agreement knowingly and voluntarily. (Cr. Doc. #244, pp. 9-10). The Eleventh Circuit has already determined (Cr. Doc. #255) petitioner's waiver provision was valid and effective, and this is the law of the case. United States v. Jordan, 429 F.3d 1032 (11th Cir. 2005). Alternatively, the Court would independently find that the appeal waiver was clearly knowing and voluntary under Bushert, 997 F.2d at 1350, and its progeny and therefore is valid and effective. United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir.), cert. denied, 125 S. Ct. 2279 (2005).

The scope of the waiver includes most of the issues raised by petitioner. The Eleventh Circuit has held that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to the plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." Williams, 396 F.3d at 1342. This precludes petitioner's first two claims of

ineffective assistance of counsel. Additionally, the waiver provision is broad enough to include the Booker[3]/Blakely[4] issue. United States v. Frye, 402 F.3d 1123, 1129 (11th Cir.), cert. denied, 125 S. Ct. 2986 (2005); United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir.), cert. denied, 126 S. Ct. 416 (2005). Therefore, to the extent the issues (Claims #4 and #5 above) are liberally construed to raise Booker/Blakely issues, they have been waived by petitioner. The wavier provision does not, however, waive the issues of the district court's jurisdiction or ineffective assistance of counsel for failing to appeal after promising to do so.

### III.

The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). See also Rompilla v. Beard, 125 S.

---

[3] United States v. Booker, 543 U.S. 220 (2005).

[4] Blakely v. Washington, 542 U.S. 296 (2004).

Ct. 2456, 2462 (2005); Wiggins v. Smith, 123 S. Ct. 2527, 2535 (2003); Williams v. Taylor, 529 U.S. 362 (2000). A Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)(quoting Strickland, 466 U.S. at 690). This judicial scrutiny is "highly deferential." Id. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992). In light of the general principles and presumptions applicable to ineffective assistance of counsel claims, the cases in which habeas petitioners can prevail are few and far between. Chandler v. United States, 218 F.3d 1305, 1313-14 (11th Cir. 2000)(en banc), cert. denied, 531 U.S. 1204 (2001).

The same deficient performance and prejudice standards apply to appellate counsel. Smith v. Robbins, 528 U.S. 259, 285-86 (2000); Roe v. Flores-Ortega, 528 U.S. at 476-77. If the Court finds there has been deficient performance, it must examine the merits of the claim omitted on appeal. If the omitted claim would have had a reasonable probability of success on appeal, then the deficient performance resulted in prejudice. Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997). Non-meritorious claims which are not raised on direct appeal do not constitute ineffective

-6-

assistance of counsel. Diaz v. Sec'y for Dep't Of Corr., 402 F.3d 1136, 1144-45 (11th Cir.), cert. denied, 126 S. Ct. 803 (2005).

**A.**

Petitioner claims his counsel's performance was deficient because counsel failed to object when the Court considered a state armed burglary conviction which had been reduced to trespassing in determining petitioner qualified as a Career Offender under the Sentencing Guidelines. Petitioner asserts that on its face trespassing is not a qualifying crime of violence, and it should not have been counted because he was only seventeen years old at the time. Petitioner asserts that he had pled "nolo contest" to charges of burglary with the understanding this would be dropped to a lesser included offense of trespassing after the state court determined the nature of the case. Petitioner asserts he informed his attorney of these facts, but his attorney failed to investigate his assertions and refused to challenge this invalid conviction, saying it would not make a difference. Because of this, petitioner asserts, he was erroneously classified as a career offender, which resulted in a Criminal History Category of VI and base offense level of 20 instead of a properly scored Criminal History Category V and a base offense level of 11. Petitioner also suggests ineffective assistance of counsel on appeal for failing to present the issue on appeal.

As an alternative to finding that this issue is barred by the valid waiver provision, the Court finds that it is without merit.

Contrary to petitioner's factual claim, his attorney <u>did</u> object to the use of this conviction because it occurred when he was only 17 years old. (Cr. Doc. #235, pp. 12-13, 14-18, 20). Therefore, there was no deficient performance by counsel as to this aspect of petitioner's claim.

While counsel did not challenge the armed burglary conviction, this was not deficient performance. The Presentence Report clearly indicated that the offense of conviction was Armed Burglary of a Dwelling. While petitioner maintained this was a mistake or violation of an agreement with state authorities, his conviction of Armed Burglary of a Dwelling had not been vacated, reversed, or set-aside in the state court. It was clearly established law that a district court "cannot ignore or discount for any purpose a prior conviction that has not been invalidated in a prior proceeding, unless there was an unwaived absence of counsel in the proceedings resulting in that conviction." <u>United States v. Phillips</u>, 120 F.3d 227, 231 (11th Cir. 1997)(collecting cases). Thus, counsel could not challenge the prior conviction on the ground asserted by petitioner. Additionally, even if this conviction could have been challenged, petitioner still had four other convictions which qualified for career offender status, and only needed two such convictions. The Court finds that counsel's performance was not deficient and that there was no prejudice to petitioner.

**B.**

Petitioner also asserts that counsel's performance was ineffective when he failed to object to the sentencing court's consideration of 1.1 grams of cocaine base from a February 6, 2002, sale to which petitioner had not pled guilty, and failed to investigate the plea offer to determine if more drugs would be attributed to him by the government besides those in the specific counts.  Petitioner asserts that there was a total of .77 grams of cocaine base involved in the two counts to which he pled guilty, and that consideration of an additional 1.1 grams to compute his base offense level violated his Plea Agreement, which triggers a right to withdraw his guilty plea.  Petitioner asserts that his base offense level should have been level 16, not level 20.

As an alternative to finding that this issue is barred by the valid waiver provision, the Court finds that it is without merit.  Contrary to petitioner's factual claim, his attorney <u>did</u> object to the sentencing judge's consideration of the additional 1.1 grams of cocaine base.  (Cr. Doc. #235, pp. 5-11).  The Court overruled the objection and found the quantity properly considered under the relevant conduct provisions of the Sentencing Guidelines.  (<u>Id</u>. at 11).  This was fully consistent with petitioner's Plea Agreement, which provided that the government had the right to report to the Court all information concerning defendant's conduct and "to provide relevant factual information, including the totality of defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, . . . ."  (Cr. Doc. #163, p.

-9-

10, ¶ 3). Additionally, the magistrate judge informed petitioner at the guilty plea colloquy that the sentencing judge would consider "the actual conduct in which you engaged." (Cr. Doc. #244, p.9). The Court finds that counsel's performance was not deficient and that there was no prejudice to petitioner, and that there is no basis for petitioner to withdraw his guilty plea.

## C.

In his Affidavit, petitioner asserts that his attorney promised that he would appeal his sentence but failed to do so, thus constituting ineffective assistance of counsel. The record affirmatively establishes that petitioner is factually incorrect. Petitioner's attorney <u>did</u> file a timely Notice of Appeal, but the appeal was dismissed on the government's motion because of the valid waiver provision. Accordingly, counsel's performance was not deficient and this issue has no merit.

## IV.

A district court has the authority to consider a motion which challenges the subject-matter jurisdiction of the district court. <u>See</u> <u>United States v. Cotton</u>, 535 U.S. 625, 630 (2002)(because jurisdiction means the court's statutory or constitutional power to adjudicate a case, "defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court."); <u>United States v. Peter</u>, 310 F.3d 709, 712 (11th Cir. 2002)(jurisdictional error "can never be waived by parties to

litigation."); Harris v. United States, 149 F.3d 1304, 1308 (11th Cir. 1998)(jurisdictional defects cannot be procedurally defaulted). Subject-matter jurisdiction defines the court's authority to hear a given type of case. Alikhani v. United States, 200 F.3d 732, 734 (11th Cir.)(quoting United States v. Morton, 467 U.S. 822, 828 (1984)), cert. denied, 531 U.S. 929 (2002). The Constitution of the United States gives Congress the power to create inferior federal courts and determine their jurisdiction. U.S. CONST. art. III, § 1. Congress has conferred original jurisdiction of "all offenses against the laws of the United States" to the federal district courts. 18 U.S.C. §3231. Additionally, Congress has created district courts in each state, including the State of Florida. Congress has further divided the state of Florida into three judicial districts and provided that Lee County, Florida will be in the Middle District of Florida and that court shall be held inter alia in Fort Myers. 28 U.S.C. § 89.

The two counts in petitioner's Superceding Indictment are two drug offenses that are against the laws of the United States. 21 U.S.C. §§ 841(a)(1), 846. Congress has the authority to punish such conduct under Title 21, United States Code, based upon the Commerce Clause. United States v. Lopez, 459 F.2d 949 (5th Cir.), cert. denied, 409 U.S. 878 (1972). The Commerce Clause authority includes the power to criminalize conduct which, although not committed while on federal property, has an actual impact on interstate commerce. United States v. Bernard, 47 F.3d 1101, 1102

(11th Cir. 1995)(quoting Section 801 of Title 21, united States Code).  Consequently, petitioner's subject-matter jurisdiction claim lacks merit.

**V.**

To the extent that petitioner's Fifth and Sixth Amendment claims are premised upon United States v. Booker, 543 U.S. 220 (2005), the Eleventh Circuit has held "that Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." Varela v. United States, 400 F.3d 864, 867-68 (11th Cir.)(citing Schriro v. Summerlin, 124 S. Ct. 2519, 2526-27 (2004)), cert. denied, 126 S. Ct. 312 (2005).  See also United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005).  Since petitioner's case became final prior to Booker, the issues cannot be raised in a § 2255 petition and these issues must be dismissed.

Accordingly, it is now

**ORDERED:**

1.  The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence By a Person in Federal Custody (Cv. Doc. #1) is **DISMISSED** as to claims 1, 2, 4, and 5, and is alternatively **DENIED** as to these claims, and is **DENIED** as to claims 3 and 6 for the reasons set forth above.

2.  The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk shall place a copy of civil Judgment in the criminal file.

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of February, 2006.

_____
JOHN E. STEELE
United States District Judge


Copies:
Andre Waller
Counsel of record